Anthony J. Harwood
HARWOOD LAW PLLC
260 Madison Avenue, 16th Floor
New York, New York 10016
(212) 867-6820

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

In the matter of the Application of
CLIFFORD L. GELMAN, M.D.,

                             Petitioner,

        -against-

THOMAS JOSEPH BORRUSO,

                             Respondent.
-------------------------------------------------------------------------

Civil Action No. 1:19-cv-10649:

**VERIFIED PETITION TO CONFIRM AN ARBITRATION AWARD**

NOW COMES Petitioner Cliffford L. Gelman, M.D., by Harwood Law PLLC, his attorney, who respectfully requests, pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, an Order granting his Petition to confirm an arbitration award and enter judgment in his favor on the arbitration award specified below.  In support thereof, Petitioner states:

    1.     This is an action pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration award issued by the Financial Industry Regulatory Authority ("FINRA") in an arbitration proceeding titled *In the Matter of Clifford L. Gelman v. LPL Financial LLC, Thomas Joseph Borruso, Scott B. Zuckerman and Wexford Financial Strategies,* FINRA Case No. 18-01157.  The arbitration award is annexed as Exhibit 1.

    2.     Petitioner Clifford L. Gelman is a citizen and resident of the State of California.

3.      Respondent Thomas Joseph Borruso is a citizen and resident of the State of New York.  During the relevant time period, he was a registered representative and employee of LPL Financial LLC ("LPL").  During the relevant time period, LPL was a Member of FINRA/SIPC.  A copy of a BrokerCheck Report available on FINRA's website, showing that Mr. Borruso was a registered representative of LPL during the relevant time period is annexed as Exhibit 2.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because claims in the arbitration proceeding arise under the laws of the United States of America, specifically, the Securities and Exchange Act of 1934, Section 10(b) and Section 15(c), and the Rules of the Securities and Exchange Commission, promulgated thereunder.

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy, exclusive of costs and interest, exceeds $75,000.

6.      This action arises under the Federal Arbitration Act, 9 U.S.C. § 1, et seq.  Mr. Borruso, as a former registered representative of a member of FINRA, had a duty to submit to arbitration upon the demand of his customer, Dr. Gelman, pursuant to Rule 12200 of the FINRA Code of Arbitration Procedure for Customer Disputes.  Rule 12200 provides:

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:

     (1) Required by a written agreement, or

     (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

7.      Dr. Gelman requested arbitration under the Code by filing with FINRA his statement of claim and a submission agreement.  A copy of the Statement of Claim in the FINRA arbitration is annexed as Exhibit 3.  A copy of the submission agreement is annexed as Exhibit 4.

8.      Mr. Borruso was bound to arbitrate Dr. Gelman's claim because Mr. Borruso was an associated person of a member.  The term associated person of a member is defined in FINRA Rule 12100 (b) as "a person associated with a member," as that term is defined in paragraph (r) of the definitions.  Paragraph (r)(1) of the definitions includes a person who "is, or was, associated with, including registered through, under, or with (as applicable):  (A) a broker or a dealer . . . ."  Mr. Borruso was registered with LPL, as reflected on Exhibit 2 at page 1.  LPL was a broker, as reflected on its BrokerCheck Report at page 1, a copy of which is annexed as Exhibit 5.

9.      The United States Court of Appeals for the Second Circuit has held that FINRA's provisions mandating arbitration upon a customer's demand constitutes an agreement in writing to arbitrate that falls within the purview of the Federal Arbitration Act.  *See UBS Financial Services, Inc. v. West Virginia University Hospitals, Inc.,* 660 F.3d 643, 649 (2d Cir. 2011).

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that the arbitration proceeding was conducted in this District.

11.     As detailed in the Statement of Claim, a copy of which is annexed as Exhibit 3, sometime prior to March 11, 2015, Respondent Borruso solicited Dr. Gelman's investment of his retirement savings with LPL.  After convincing Dr. Gelman to transfer his funds to LPL for Mr. Borruso to invest and manage, Mr. Borruso opened accounts at LPL for Dr. Gelman in June 2015.

12.     Although Respondent Borruso knew that Dr. Gelman's investment account was for retirement, and that his objectives were growth and income, Respondent invested Dr. Gelman's money in speculative stocks that were unsuitable to his goals.  Respondent also churned Dr.

Gelman's account, making excessive trades that lost money for Dr. Gelman, while generating large commissions for Respondent and his employer.  By the time Respondent concluded his trading spree, Dr. Gelman had only $12,734.90, but Respondent had charged over $32,000 in commissions.

13.     Ultimately, Respondent concentrated virtually all of Dr. Gelman's funds in the stock of a single, solar energy company, SunEdison, without obtaining Dr. Gelman's approval. SunEdison went bankrupt, and Dr. Gelman sustained out-of-pocket losses of $391,647.01, leaving him with only $12,734 of his initial investment of $404,382.

14.     Had Mr. Borruso invested Dr. Gelman's funds in an S&P 500 index fund, which would have matched Dr. Gelman's goals of growth and income, his retirement account would have been worth $540,608 as of the close of trading on March 27, 2018, the day before he filed his Statement of Claim.   Under the well-managed account theory, Dr. Gelman's damages are $527,874, which is the difference between the $540,608 that would have been in Dr. Gelman's accounts had Mr. Borruso properly managed them, less the $12,734 that remained after Mr. Borruso's mismanagement and fraud.

15.     Subsequent to these events, FINRA took regulatory action against Respondent Borruso, permanently barring him from association with any FINRA member in any capacity.  On information and belief, FINRA took this disciplinary action against Mr. Borruso in whole or in part because of the losses he caused Dr. Gelman to sustain in his accounts with LPL.

16.     Dr. Gelman filed his Statement of Claim in the arbitration proceeding with FINRA on or about March 28, 2018.  Respondent Borruso did not submit a Statement of Answer or a Submission Agreement despite his obligation to do so under Rule 12200 of FINRA's Code of

Arbitration Procedure, quoted above.  Nonetheless, he is bound by the determination of the arbitrator under the Rule 12801 of the Code, which governs default proceedings.

17.     FINRA properly served the Statement of Claim and related case initiation documents on Mr. Borruso pursuant to the procedures in the Code.  Confirmation of FINRA's service of those documents on Mr. Borruso is annexed as Exhibit 6

18.     On August 29, 2018, After Mr. Borruso failed to respond to the Statement of Claim that FINRA had sent him, Dr. Gelman hired a process server who personally served on Mr. Borruso, the Statement of Claim and all other documents filed in the proceeding as of that date, by personally delivering the documents to him.  The affidavit of service of the process server is annexed as Exhibit 7.

19.     On October 22, 2018, Dr. Gelman filed a Motion for Default Proceedings in the Arbitration against Respondent Borruso pursuant to Rule 12801 of the Code of Arbitration Procedure.  Dr. Gelman served that motion on Respondent Borruso by first class mail, on October 22, 2018.  An affidavit of service is annexed as Exhibit 8.

20.     Pursuant to Rule 12801(a)(4), a claimant may request default proceedings against a respondent who fails to timely answer the statement of claim if that respondent was "An associated person whose registration is terminated, revoked or suspended."  The BrokerCheck Report from on FINRA's website, annexed as Exhibit 2, at pages 9-10, shows Mr. Borruso's registration was suspended on June 26, 2017, and then he was permanently barred from association with any FINRA member on September 5, 2017.

21.     On April 16, 2019, the Arbitrator issued his award, which is annexed as Exhibit 1.

22.     As the Arbitrator stated in his award against Mr. Borruso:

> The arbitrator determined that Respondent Borruso was served notice of the Statement of Claim, Overdue Notice and Notification of Arbitrator by regular mail and is therefore bound by the Arbitrator's ruling and determination.
>
> The Claim Notification letter notified Respondent Thomas J. Borruso that FINRA rules require parties to use the online DR Portal on a mandatory basis (except pro se investors) and that failure to register for the DR Portal will prevent the submission of pleadings, selection of arbitrators, and receipt of notification relating to case information and deadlines. Respondent Thomas J. Borruso failed to register for the DR Portal. However, the Arbitrator determined that Respondent Thomas J. Borruso was properly served and is bound by the Arbitrator's ruling and determination.

Exhibit 1 at 3.

23.     The Arbitrator's award held Respondent Borruso liable and directed him to pay Dr. Gelman:

   a.   $250,000 in compensatory damages;

   b.   Interest on that award at the Florida legal rate from the date of the award until the award is paid in full; and

   c.   $10,000 in attorneys' fees pursuant to Florida Securities Act F.S.A. 517.211(6).

Exhibit 1 at 3.

24.     The decision and award was delivered to Petitioner on April 16, 2019. Less than one (1) year has expired since the date of the delivery of the award by the Arbitrators to the petitioner.

25.     FINRA served the award on Respondent Borruso by first class mail on April 16, 2019. A copy of FINRA's award service letter is annexed as Exhibit 9.

26.     The decision and award has not been vacated or modified upon any ground specified in the Federal Arbitration Act, 9 U.S.C. § 10.

27.     No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** Petitioner respectfully requests that this Court enter an Order and Judgment confirming the award of the Arbitrator, awarding costs, attorneys' fees and disbursements of this proceeding, and granting such other and further relief as the Court deems proper.

DATED:  New York, New York
         November __, 2019

                                      Respectfully submitted,


                                      s/ANTHONY J. HARWOOD
                                      Anthony J. Harwood, Esq.
                                      Attorney for Petitioner
                                      HARWOOD LAW PLLC
                                      260 Madison Avenue, 16th Floor
                                      New York, NY 10016
                                      (212) 867-6820

**VERIFICATION**

ANTHONY J. HARWOOD, declares, pursuant to 28 U.S.C. § 1746, that he is the attorney for Petitioner in this action and that the foregoing petition is true to his best knowledge, information and belief. The grounds of his information and belief are documents he received from Petitioner, information he or his agents obtained in his investigation of Petitioner's claims and communications with agents of his firm.

I verify under penalty of perjury that the foregoing is true and correct. Executed on November __, 2019

_____
ANTHONY J. HARWOOD