UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

> **USDC-SDNY**
> **DOCUMENT**
> **ELECTRONICALLY FILED**
> **DOC#:**
> **DATE FILED:** 2/11/2021

CLIFFORD L. GELMAN, M.D.,

                              Petitioner,

         v.

THOMAS JOSEPH BORRUSO,

                              Respondent.

No. 19-CV-10649 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

On July 23, 2020, the Court granted the petition of Clifford L. Gelman, M.D. to confirm an arbitration award entered by the Financial Industry Regulatory Authority ("FINRA") against Respondent Thomas Joseph Borruso. Dkt. 28 ("July 2020 Opinion"). The Court subsequently entered judgment against Respondent in the amount of $270,160.62, plus $10,000 in attorneys' fees awarded during the arbitration decision. *See* Dkt. 29. Now before the Court is Petitioner's unopposed motion for the attorneys' fees incurred in litigating the petition. For the following reasons, that motion is granted.

## BACKGROUND

On March 28, 2018, Petitioner filed a statement of claim in an arbitration proceeding with FINRA, alleging that Respondent, his former financial advisor, had misled him about investments and mismanaged his account. Am. Pet. ¶ 16. According to the statement of claim, Respondent charged $32,000 in commissions despite losing $391,647.01 of Petitioner's retirement funds in an investment in a company that went bankrupt. *Id*. ¶¶ 12-13. Respondent failed to respond to the claim. *Id.* ¶ 16. The arbitrator subsequently awarded the Petitioner $250,000 in compensatory

damages, plus interest, in addition to $10,000 in attorneys' fees. *Id.* ¶ 23. FINRA served the award on Respondent on April 16, 2019. *Id.* ¶ 25 & Ex. 9.

On November 18, 2019, Petitioner filed a petition with this Court seeking an order confirming the arbitration award and awarding him attorneys' fees and costs. Dkt. 1. Respondent did not file an opposition to that petition or otherwise appear in the action. *See* July 2020 Opinion at 4. The Court confirmed the award, and entered judgment in the amount of $250,000 plus pre-judgment interest as well as $10,000 in attorneys' fees awarded during the arbitration proceeding. *Id.* at 10. The Court also granted Petitioner's request for attorneys' fees and costs incurred in bringing the action to confirm the award, and directed him to submit an affidavit with an accounting of costs and fees. *Id.* at 9.

Petitioner subsequently filed the instant motion, Dkt. 32, along with the requested supporting documents, *see* Dkt. 31, Declaration of Anthony J. Harwood in Support of Petitioner's Motion for Attorneys' Fees and Costs ("Harwood Decl."). The motion seeks fees in the amount of $29,452.50, at the rate of $500 per hour for attorney Anthony Harwood and $95 per hour for paralegal Karin Harwood, as well as costs in the amount of $681.47, for a total award of $30,133.97.

## DISCUSSION

As an initial matter, this Court has already determined that Petitioner is entitled to an award of attorneys' fees and costs in light of Respondent's unjustified failure to abide by the arbitrator's decision. *See* July 2020 Opinion at 9 (citing *Odeon Capital Group LLC v. Ackerman*, 864 F.3d 191, 198 (2d Cir. 2017)).

The Supreme Court has instructed courts to determine the amount of the fee award by multiplying a reasonable hourly rate by the reasonable hours expended. *See Lilly v. City of New*

*York*, 934 F.3d 222, 229 (2d Cir. 2019).  "The party seeking fees bears 'the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'"  *Shabazz v. City of New York,* No. 14-cv-6417-GHW, 2015 WL 7779267, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *Savoie v. Merch. Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (other internal quotation marks omitted)).  "Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done."  *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

## I.   Hourly Rates

District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  "The reasonable hourly rate is the rate a paying client would be willing to pay." *Id.*  The Court's analysis is guided by the market rate "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'"  *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984)).  The relevant community for purposes of this inquiry is the Southern District of New York.  *See, e.g., Arbor Hill*, 522 F.3d at 190-91.  To determine the reasonableness of the hourly rate, the Second Circuit has urged district courts to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case;

(11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Decastro v. City of New York*, No. 16-CV-3850 (RA), 2017 WL 4386372, at *3 (S.D.N.Y. Sept. 30, 2017) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

### A.    Anthony J. Harwood

Petitioner maintains that Anthony J. Harwood is entitled to a $500 hourly rate based on his training and experience, and because prior clients have paid "at or above" that rate "on matters of similar complexity and magnitude."  Harwood Decl. ¶ 18.  Indeed, Anthony Harwood declares that that rate is discounted from the rate that he charges for "more substantial matters," which can reach $790 per hour.  *Id.* ¶ 19.  He has more than thirty years of experience representing clients in commercial litigation in New York, and founded his own law firm, Harwood Law PLLC, in 2009.  *See id.* ¶¶ 5, 10, Ex. 3 at 2.  Appended to his motion is a 2015 survey of fees charged by law firms, which indicates, according to Petitioner, that the proposed hourly rate "is well below what lawyers of [his] experience charge" within the District.  *Id.* ¶ 23. & Ex. 4.  Petitioner also cites a range of cases from within the Southern District of New York demonstrating approved rates ranging from $525 to $1,048 per hour.  Mot. at 3; *see, e.g., MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC*, No. 16 CIV. 8103 (LGS), 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (finding reasonable a rate of $1,048.47 for partners in a commercial litigation action); *Rubenstein v. Advanced Equities, Inc.*, No. 13 CIV. 1502 (PGG), 2015 WL 585561, at *7 (S.D.N.Y. Feb. 10, 2015) (approving a rate of $525 per hour for partners with more than 20 years of experience)).

The Court finds that the proposed hourly rate of $500 is reasonable for Anthony Harwood.  First, that rate is comparable to Hardwood's customary hourly rate for similar services.  *See* Harwood Decl. ¶ 17.  Second, the requested rate is also at the lower end of the range approved in

this District for attorneys of similar experience. *See, e.g., MSC Mediterranean Shipping Co.*, 2017 WL 1194372, at *3 (citing cases). Indeed, the Court notes that at least one judge within the Southern District of New York has awarded similarly experienced attorneys rates greater than $500 for petitions to confirm arbitration awards under FINRA. *See Rubenstein*, 2015 WL 585561 at *6 (finding $525 per hour reasonable for partners with 20-30 years of experience). The Court thus finds that an hourly rate of $500 is appropriate for an attorney of Anthony Harwood's experience in this matter.

### B.     Karin Harwood

Petitioner maintains that Karin Harwood, the firm's paralegal, is entitled to an hourly rate of $95 per hour, which he avers is the rate charged for all of the firm's clients. Harwood Decl. ¶ 18. Harwood, who has been a paralegal at the firm since November 2017, "assisted with drafting pleadings, court filings, and correspondence with the Court." *Id.* ¶ 13. Petitioner cites to cases within the District in which courts approved paralegal rates ranging from $140 to $175 per hour. Mot. at 3; *see, e.g.*, *Gulino v. Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96 CIV. 8414, 2019 WL 5077332, at *4 (S.D.N.Y. Sept. 19, 2019) (approving a rate of $175 per hour for paralegals for work on a commercial litigation matter), *report and recommendation adopted*, No. 96-CV-8414 (KMW), 2019 WL 5269396 (S.D.N.Y. Oct. 9, 2019); *Rubenstein*, 2015 WL 585561, at *7 (approving a paralegal rate at $140 an hour for work on a motion to confirm an arbitration award).

The Court finds that the proposed hourly rate of $95 per hour is reasonable for Karin Harwood. Judges in this District routinely award fees for paralegals at rates higher than that proposed by the Petitioner. *See, e.g., Ballinasmalla Holdings Ltd. v. FCStone Merch. Servs., LLC*, No. 18-CV-12254 (PKC), 2020 WL 814711, at *2 (S.D.N.Y. Feb. 19, 2020) (approving

paralegals' rate of $290 per hour for work to confirm an arbitration award); *Teofilo v. Real Thai Cuisine Inc.*, No. 18 CIV. 7238 (KPF), 2021 WL 22716, at *5 (S.D.N.Y. Jan. 4, 2021) (approving a rate of $100 per hour for paralegals); *Rosales v. Gerasimos Enterprises Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018) (finding $100 per hour reasonable for paralegals).

## II.   Hours Worked

Petitioner seeks attorneys' fees for a total of 74.10 hours worked on the underlying litigation.  *See* Harwood Decl. Ex. 1 & 2.  The Court finds that the hours spent on this case were reasonable.

"A plaintiff is only to be compensated for 'hours reasonably expended on the litigation,' and not for hours 'that are excessive, redundant, or otherwise unnecessary.'"  *Charles v. City of New York*, No. 13-CV-3547 (PAE), 2014 WL 4384155, at *5 (S.D.N.Y. Sept. 4, 2014) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)).  Moreover, "in order to support a request for attorney's fees, petitioners must submit 'contemporaneous time records that specify, for each attorney, the date, the hours expended, and the nature of the work done.'"  *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Walsingham Constr. Inc.*, No. 19 CIV. 9085 (AT), 2020 WL 4059802, at *3 (S.D.N.Y. July 20, 2020) (quoting *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

Petitioner has submitted contemporaneous time records that are sufficiently detailed to allow the Court to evaluate the reasonableness of the hours expended on this litigation.  In his supporting documents, Petitioner provided invoices from Harwood Law that include a description of work completed on each date, along with the corresponding amount of time worked, and the

rate billed.  Harwood Decl. Ex. 1-2.  Together these invoices show a total of 50.10 hours spent on the petition for confirmation of the arbitration award and a total of 24.60 hours spent on their petition for attorneys' fees and costs.  *Id.*  The provided records did not demonstrate any work that was excessive, redundant, or unnecessary in light of the proceedings.  Accordingly, the Court approves the expended time.

## III.    Costs

Lastly, Petitioner seeks recovery of costs in the amount of $681.47.  Harwood Decl. ¶ 26. These costs include filing fees, service fees, and postage associated with the proceedings.  *Id*. & Ex. 1 at 5.  "Courts generally award reasonable out-of-pocket costs incurred by attorneys and charged to their clients."  *Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at *8 (S.D.N.Y. June 3, 2020) (internal quotation marks omitted), *report and recommendation adopted*, No. 18 CIV. 3644 (LGS), 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). Accordingly, the Court grants Petitioner's request for costs.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for attorney's fees and costs is granted.  The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 30.

SO ORDERED.

Dated:    February 11, 2021
          New York, New York

                                        Ronnie Abrams
                                        United States District Judge